*122 OPINION of the Court, by
Judge Wallace.-—
Stribling, who was complainant in the court below, claims under a pre-emption right purchased of Sigis-mond Stribling. His entry with the surveyor corresponds with the location contained in the certificate Is- *123 gaily obtained from the county court of Fayette ; therefore the entry only need be recited. “ June 14th, 1786, Sigismond Stribling enters a pre-emption of 1000 acres, No. 2626, lying on the north side of the Kentucky river, 3-4 of a mile above Boonsborough, beginning about half a mile above his improvement, and at the mouth of a small branch emptying into the river about 20 poles above a cabin built by William Calk, and running down the said river, including his improvement, and running off at right angles northwardly for quantity.”
Craig vs, Haw. kinst ante 53 — Smith vs Crimes9 Hugh. iS — * Bradford vs.M.' CleliandyH ugh* roa-4.
u Down the ri. ver” applied to one line only ; and rectangular figure to be pre-íerved, although greater part of furvey would be thrown high* er up the river than the begin» ning called for.
Definite call at right angles not to yield to an indefinite call.northward-. ly.
If running at right angles fliould crofs the Kentucky ri-. ver, a part of the entry might perhaps be loft* but remainder would not be vitiated. — Ac* cord. Brown vs, HreckenridgeyFx Dec. 63.
Court may. change an inter* Umtor upon motion, or upon their own re. flections, at any time before a final decree.
*123 All the objects called for in this entry are satisfactorily proven to have been known to the generality of those who were acquainted in their vicinity at the time it was made, and at the date of the certificate (Jan. 13th, 1784) or must be presumed to have been so : and might have been certainly and easily found by any adventurer. So that the calls which were intended to give precise form and situation to the claim, will only be more particularly considered. “ Beginning about half a mile above his (Sigismond Stribling’s) improvement, at the mouth of a small branch emptying into the river about 20 poles above a cabin built by William Calk.” The mouth of one branch only is shewn, and this nearly at the place where from the entry it might have been expected ; and must be regarded as a good special call. M Running down the said river, and off at right angles northwardly for quantity,” at first view may be thought more uncertain calls. But asno course is expressed or implied, the rational construction is, down the river with its meanders, or binding thereon. And as the distances down the river and at right angles are not specified, it is rational that the survey should have been extended down the river, 400 poles on a direct line, which is the square.of a survey of 1000 acres ; and then that the side lines should be extended at right angles from that direct line, so far that a line parallel thereto would include the quantity. This would have produced a survey as near a square as the case permitted; and which would have been conformable to the squaring principle embraced by numerous decisions of this court.
But in pursuance of an error assigned, it has been urged, that this construction, is repugnant to the call, “ running down the river,” and would place the greater *124 part of the survey up the river. If this were a call which must necessarily be applied to the whole survey, or if there were no other call in the entry to restrain it, the position would be correct. But in this instance the call “ down the river,” is only applicable to one line of the survey ; and to give it farther operation would be repugnant to the call, running off at right angles north-wardly for quantity.”
Report of fur-▼ey,returned in obedience to interlocutor, and not excepted to, is evidence in the caufe.
Parties are in courts, in efti-snation of law, until the caufe is finally difpo-Ced of»
In reply to this it was urged farther, that the expression, at “ right angles,” to make it consistent with the expression, “ northwardly,” ought only to be applied to that portion of the river which runs westwardly. Or in other words, that the expression at right angles must he so taken as to render it consistent with the expression northwardly. But it certainly would be a singular construction, to make a definite call yield to one which is indefinite. In this case the expression north-wardly can receive a construction consistent with all the other parts of the entry. It may mean, what indeed was before expressed, that the claim was on the north-wardly, and not on the southwardly side of the Kentucky river; and it is more probable that the locator would be guilty of a repetition than a contradiction, and it must be observed, that to free him from this repetid tion, would make him mean the same thing by right angles and by northwardly. But should it be admitted, that he apprehended that running at right angles front the base he had assumed, would be northwardly, the rest of the entry was sufficient to convince other adventurers he was mistaken. And if running at right angles from the base, should, contrary to his expectation, and to the other calls of his entry, extend part of the survey across the Kentucky river, he might, perhaps, be so far loser; but the remainder of his claim would not be thereby vitiated.
Another error is assigned, which was relied on in argument ; to wit, “ the court (below) erred in changing and altering the interlocutory decree, upon new evidence in the absence of the appellants, and without having them called or giving them day in court to contest such new evidence.” It does not appear that any new evidence was produced other than a report of survey returned in obedience to an order made when the interlocutory decree was pronounced; nor does it appear, *125 whether the court altered that decree on the suggestion of the appellee, or were induced to do it by their own reflections. But certain it is, that a court of chancery, has a right to alter an interlocutory decree at any time-before a final decision thereon, and without being re» quested by either party. And, in estimation of law, the parties are in court until the suit is finally disposed of» The record in this suit does not state that the parties-were called, or that they were actually present ; but it appears that the appellants were in court, at the time the final decree was pronounced, and had an opportunity of shewing by bill of exceptions, any impropriety in the proceedings ; this not having been done, the error assigned cannot be regarded.
For the reasons which have been advanced, this court accords with the decision in question.
Decree affirmed.