OPINION of the Court, by
Ch. J. Bibb.
The cir-euit court sustained, to the prejudice of Neale and others, holding under the elder legal title, the complaint of Galloway, asserted in chancery, on an entry of the 11th June, 1784, in his own name for 700 acres ; beginning at the southeastwardly corner of a pre-emption of 1000 acres in the name of J. Craig and R. Johnson, assignees of John May, assignee of John Reed, “ and to run S. 15 E. 84 poles, along William Galloway’s pre-emption, thence N. 75 E. 410 3-4 poles, thence N. 15 W. 534 poles, thence S. 75 W. 154 S-4 poles, thence S. 15 E. 500 poles, thence S. 75 W. 256 poles, to the place of beginning.”
Craig and Johnson, assignees as aforesaid, had entered, on the 9th December, 1782, 1000 acres, by virtue of Reed’s pre-emption, “•--at the mouth of Huston’s fork, including the cabin near the centre, running the survey twice as long as broad up and doxvn ¿¡toner's jOYk.
On the 4th of January, 1783, a survey was made for said Craig and Johnson, purporting to be by virtue the said entry.
The first question is, as to the validity of George Galloway’s entry.
Whether the certificate of pre-emption issued to Reed, or the assignees Craig and Johnson, is unknown, for it is not an exhibit in the cause. If Galloway’s entry is to be attached to Craig and Johnson’s entry upon the pre *138 emption warrant, the complaint must be declared witi> out any equitable foundation : for no locality can be a&-' signed to Craig and Johnson’s entry, because “ the cabin” is not even demarked upon the plat. Without the position of the “ cabin,” which is the very key-word of the entry, that location, and its dependant entry, must be declared insufficient to abate an elder grant from the commonwealth — -(See Cox vs. Smyth, Craig vs. Machir, Wilson vs. M'Ghee, Ward and Kenton vs. Lee, on Tolingas pre-emption, and many like cases in this court.)*
A furvey is not in its character. an act of notoriety on the ground5 and lo. cators calling for furveys inuft prove the aotoriety of orc^cufumii'i^ iy ; ¡f before thejawallowed ^begil yen out, the evidence of no-0f the deforip-üou contained ln, after that peri, the locator Gray* ante 35, and m te'Mon vs. m>itkdge9 Har- 90 — Key may have the benefit of that defcription.— Accord. PVard aTttd KT” w; Lee, ejjignee of Young^antei%<i^a Payton vs. Good-let, ante 63 — * Cleland's belts vs
The lapfe of >7 months be. date of entry to adj°in not pre-fumptive evidence. of notoriety ofthefur-taken as
. . Uetcnption, m certificate of furve.v> calls Licking in two imes: tofcarch f.!tysy from Um for,crol?nf St°; ner s fork oí tio^^Louíd'b” an un eafonabie diligence to im-ther locator'— yideWard and Kenton-vi Lee, aInfe“l% — ,⅛,⅞ m. Turley, ante 3z$Sfeed -vs, yi-M’Cwk-m'sdevijees vs. Craig, Hr. Dec. m ?3»-3-
*139 If the entry of the complainant is supposed to allude to the survey executed by virtue of the entry on Reed’s preremption warrant, yet the same want of equity attaches to the claim. The record exhibits no evidence of the notoriety of that survey at or before the entry of Galloway; and the certificate of survey contains no description which can be reasonably calculated upon as likely to inform other holders of warrants where it was situate. The only expressions therein which another locator should have noticed as reasonably descriptive, are, that two of the lines cross Stoner’s fork, The mouth of Huston even, is not alluded to. The person who read the certificate of survey, would have thence obtained this general information, that it was somewhere on Stoner. If he could have persuaded the deputy surveyor who made it, or the marker,or a chain carrier, to haví gone with him and pointed out the survey, then, indeed he would have been assured of the individuality of the claim which Galloway had mentioned, if the of a warrant should have searched up and down Stoner Until he had happened to discern the lines crossing it, and could thence have traced them to the corners, he might, perhaps, haye been persuaded of the identity of the survey, by a correspondence of the corners found with those called for in the certificate of survey. But this kina of diligence has never been adjudged reasonable for one locator to. impose upon the holders of other warrants. Admitting the presumption that the surveyor had complied with his duty in recording the survey within the time prescribed by law, as seventeen months had elapsed between the date of that survey and the entry of Galloway, it will follow, that any one who knew of the existence of such a survey, might haye com-holder - - - - Galloway’s entry, the one with the other*, if, by so doing, he had imagined the survey had been made eon-formable to the entry by which it purported to have , ¡ ■ i been authorized, it does not appear in this, cause but that he would have been grossly deceived. For want ■of the cabin, no location can be given to that entry the survey is so totally askant from the position which the entry would induce us to expect, that the comparison of the entry and survey of Reed’s pre-emption, could not have afforded any reasonable information of pared Reed’s pre-emption entry, the survey thereof, and but *140 the precise beginning named by Galloway ; so as to bind other locators to notice it at their peril. There is another expression in the entry from which some aid might have been expected, viz. “ along William Galloway’s pre-emption but neither the certificate, entry, nor survey of that claim has been used as evidence. In sh°rh the complainant has proved the making of Craig and Johnson’s survey, filed a copy of the certificate of survey, aud seems to have relied solely on the length of time as presumptive evidence of its notoriety. If the holder of a warrant adopts a survey, previously made upon another warrant, as the basis of a location, he must Prove the notoriety of the survey at that period ; otherwise, his location cannot be supported. If he has adopted such survey at a period earlier than that at which the law has opened the record thereof for copies, he must prove its notoriety by evidence aliunde;* if, alter that period, he may have the aid of any description contained in the certificate of such survey, in making out the validity of his claim appendant. But the bare circumstance of making a survey, and the record thereof, cannot be taken per se, as evidence of notoriety en pais, of the precise locality or demarcations of the particular tract; so as to uphold an adjoining location—Vide Key vs. Matson, Moore vs. Whitledge, Respass and Melton vs. Arnold, Ward and Kenton vs. Lee, assignee of Young A survey is not in its character an act of notoriety on the ground ; those whose locations depend on surveys previously made, must prove acquired notoriety, directly or circumstantially.
if the complainant below had made out that Craig and Johnson’s survey had been generally known to those conversant in that neighborhood at the date of his entry in question, then his location would have attached to that survey, according to the decision of M'Crackin's heirs vs. Steele and Searcy, (ante 46.J But as the case now stands, neither the certificate, entry, nor survey, of *141 Reed’s pre-emption, upholds the entry in question as a valid location; and we are bound, by settled principles, to declare his complaint in chancery as ynsupported hy evidence. — ?— Decree reversed,

 This cafe according with principles adjudged in other cafes, the reporterhas had occafion to cite it more than once» It is an adjudication upon rights growing out of the Jaws of this fíate for granting her vacant lands, and wifi be a leading, cafe in fettling many controverfies. The reporter has there* fore inferted it here,
April Term, 1814.
Prefent — Ch. J. Boyle, Judges Logan-and Owsley,
John Hendricks vs. James Bell,
THIS was a caveat, filed by the appellee againft the appellant, to prevent' the emanation of a grant for four hundred acres of land, which'is claimed by both parties, by virtue of certificates granted under the laws of this fíate. As the appellee was the plaintiff in the caveat, it becomes necefiary, in the firft place, to examine the validity of his claim 5 for, unlefs it be Valid, {a) he cannot recover, however weak may be his adverfary’s. The validity of hia right is queftioned on feveral grounds j but as we are clearly of opinion that it is not fulficiently eftáblííhed with refpect to the identity of its location, w* fhall forbear to examine any other objections to it.
(a) Same princple, Patterson vs. Bradford, Har. 103,
The certificate under which the appellee claims, defcribea the land as- (< lying in Warren county, on the Waters of Drake’s creek, on the eaft fide of the creek, about a mile eaftwardly from David Welty’s, beginning at a fpring in the barrens, and running eaftwardly, thence fouthwardly, thencé weftwardly, thence northwardly,; to the beginning, fo as to include the improvement.”
The defcription given in* the entry with- th# furVéyor does not' materially vary from that contained in the certificate, and need not therefore be recited.
The improvement called fbt is not eftáblííhed 9 on the contrary, the facts^ found by the jury completely negative the idea that it ever' had an existence. That it is eflentially necefiary for the purpofe of identifying the location, * cannot be doubted, as the other calls in the entry are in themfelves indefinite, (¿)? and are, by the terms of the location, made fubject to be controled by the po-fition of the improvement. Thus, for example, the call to run eaftwardly^ may be fatisfied by running to any point between north forty-five degrees eaft and fouth forty.five degrees eaft, becaufe a iine thus run,., by approximating nigher to the eaft than to either of the other cardinal points,. woiiUL receive its denomination from that point. The fame obfervation applies with equal-force and propriety to the courfe given for each of the other lines. It is evident, therefore, thatthcfd calls areiufcéptible of fuch a latitude in their con-ftruction, as to admit of being fatisfied by furveys made upon entirely different ground. And as they,are to be modified or varied according to the pofition of the improvement, it is clear, that the abfence of that object is a fatal objection to the appellee’s claim.
(b) Same principle) Craig vs. Hawkins's heirs ante 53— Calk and Orear vs. Stribling, 122—Smith vs.Grimes Hughes 18— Bradford vs.M'Clelland, Hugh. 102.4,
It is therefore confidered by the court, that the, faid judgment be reverfeds and iet afide ; and that the caufe be remanded to the court below, that a judg.-meat may be there entered ter the defendant in the e*reat»

 In Carsen &c. vs. Hanway, &c. November 20th, 1813, this doctrine came under the confideration of Boyle, ch. jus, and Logan and Owsley, judges. On the 15th of February, 1783, a furvey was made for John Lacie* On the 9th of February, 1784, an entry was made, to begin at John Lacie’s N, W. corner, &c. In tefting that entry, the court fay, a when a furvey has been fo long made that the law requires it to be of record, it will be pre-fumed to be fo, and a call for its lines in an &ntry9 will render it a part of ths dtfcripúon of juch entry*”