Petition for a 're-hearing.
Thomas Triplett, attorney for William Smith, respectfully solicits a rehearing in this cause, and a reconsideration of the claim of the complainant.
The entry under which he claims, ca]]s ]je on the branch of Rockcastle, that Boon’s trace goes down; beginning at the forks of Scaffold creek, running eastwardly 400 poles, thence at right angles, (if not restrained by uncultivable lands,) northwardly, so far as will include the quantity, excluding and binding on land unfit for-cultivation.
It is plain do the senses of the most ordinary man, that the lands intended to be appropriated by this entry were the tilahle lands on Rockcastle creek, or so much thereof as would satisfy the entry and to run to the second calls at right angles, unless restrained by the hills, and to vary according to circumstance of the ground. That there is uncultivable lands, the general history of the country proves; and the court, without other evidence, will take notice of it. The calls the court deem fatal in the entry, are the expressions, “if not restrained by uncultivable lands,” and “excluding and binding on lands unfit for cultivation.” it is plain and evident that the locator knew there were such lands, and the language used wag intended to indicate what *67 land be intended to include within the boundary of the.one thousand acres, and what land was to be ex-eluded, and to point to the subsequent locator, how on reasonable search and examination, to appropriate the adjacent residium. A subsequent locator, arriving at the place of beginning, could not have difficulty in finding the land appropriated by the entry. The call to bind on Rockcastle, to run east-wardly, (which according to the adjudicated cases is a call to run east,) the call at right angles, which was intended to carry the line from Rockcastle, is alone to be restrained by uncultivable lands. The subsequent call of north, excluding and binding on lands unfit for cultivation, sufficiently apprized the subsequent locator of the lands excluded, and those intended to be surveyed. A subsequent locator, by the exercise of his ordinary senses, would have known what lands were included and excluded and adjoined; for one moment he would not have to have doubted as to the lands which were or were not unfit for cultivation, in the ordinary modes of farming in Kentucky, and must have- known what was to he included and what to be excluded in the survey. The counsel for the petitioner believes that the calls of the entry, so far from confusing and be* wildering a subr equent locator, are directory and special, and amply apprized the locator what land the entry embraced-. It was impossible for the locator to give a more distinct description of the lands; he intended to exclude, than uncultivable lands, he could not describe the hills and mountains and barren soil, but gave the subsequent locator a notorious place of beginning, and where the lands was intended to lie, and such directions as he could not err with ordinary diligence; expressions could not be used to give a more manifest and clear description of the land appropriated.
petition for a re-hearing,
The cases in argument, relied on by the appellants, are of prior claims; the locator should set forth and shew those claims, that he intended to exclude. The reasons are obvious for such decisions; those claims being of record, the locator should give those wishing to appropriate the adjacent' residium, the claims excluded; otherwise it would be unreasonable to *68 compel a subsequent locator to search through all the entries in doubts and perplexity to find them, previous to his making his entry. The opinion of the court that the appellee should have shewn there were lands unfit for cultivation, with deference to the opinion of the court, the counsel conceives it Would be unreasonable to reverse the decree on that groundj and dismiss the bill, as the balance of the calls of the entry is established. The general history of the country proves that there is such lands in that section of country, and the entry shows that1 the tillable lands on-Rockcastle, were alone appropriated, and it was not intended tp run the survey in the mountains.
Petition for a ie-hearing. '
October 20, 1827. ’
Payne’s entry- '
Should the court incline to believe We should introduce proof of the existence of those lands, unfit for cultivation, as there is such in fact,the court is respectfully solicited not to direct an absolute dismissal of the bill, but permit the inferior court to give leave, if asked for by the complainant, to take proof to that point.
The counsel, for the foregoing reasons, solicits a rehearing, or the decree rendered herein should be .changed.
Chief Justice Bibb
delivered the Opinion of the Court, consisting of himself and Judge Mills, on the petition for a rehearing.
The complainant in chancery, as the foundation of his equity, sets forth this entry for relief against the elder grant;
February 21st, 1784.
Mfm- Payne enters 1,0.00 acres of land, lying oil a branch of Rockcastle, that Boon’s trace goes down, beginning at the forks of Scaffold creek, running éastwardly four hundred poles, thence at right angles, (if not restrained by uncultivable land,) north-wardly so far as will include the quantity, exclüd-ing and binding on lands unfit for cultivation.”
The former opinion of this, court declared this entry invalid for uncertainty, and reversed the dev cree of the circuit court, in supposing it special and precise; and the question is now before the court .upon a rehearing.
Where east-wardly and • nothwardly, are employed to indicate on whal side a given base^ line of the land shall run, that purpose is :\n-swered by them, and the entry may be valid—
But—
Where there is no base given, and the other calls do not fix the boundary, the call for eastwardly and north-wardly, are flexible and not sufficient to give figure to the entry.
Case stated where north- ■ wardly and eastwardly are sufficient calls and where not.
The forks of Scaffold creek alluded to in the entry is admitted in the former opinion as sufficiently described, as giving a certain point of beginning for the survey. But conceding this the entry is vdid on its face, for uncertainty, and should be so adjudged on demurrer, if it were on demurrer to the bill. The expressions, eastwardly, and northwardly, by former adjudications are flexible. They do not mean due east, and due north; in this entry those expressions are obviously used and intended as flexible. In the cases of Smith vs. Grimes, Hughes 18; Bradford vs. M’Clelland, Hughes 118; Craig vs. Hawkins’ heirs, 1 Bibb 53; Calk and Orear vs. Stribling, 1 Bibb 122, such expressions as northwardly, eastwardly &c. were adjudged not to mean due north, east &c. but as indicative on which side of the base the survey was to be executed; to these might be added many more.
But entries declared invalid in the cases of Hendricks vs. Bell, 1 Bibb 138, and of Stewart and al. vs. Clarke’s heirs at last term, are more exact in similitude to the present. Although this éntry has a beginning, it has no definite base, no certain course, every after description is uncértain, vague and yielding, for the purpose óf excluding arid binding on land unfit for cultivation, and of taking land fit for cultivation. It is in effect an entry in which the locator has carefully reserved to himself the privilege and intent to run to the best advantage, for himself, fof quantity,
Therfe is a class of entries, wherein the expressions, ‘excluding prior claims,’ ‘excluding lands unfit for cultivation’ &c. are deemed valid; and another class wherein the expressions, ‘to bind on prior claims,’ or ‘if not obstructed by a prior line’ &c. are deemed invalid. The difference is, between giving a certain figure and defined area, out of which prior claims, or lands unfit for cultivation, may be excepted in executing the survey, and platted out, if the owner does not chose to waste his warrant upon such, when he finds them within the exterior and precise boundaries and limited area prescribed by the entry, not depending for expansion or contrae- *70 tiori upon those expressions; and between giving no certain figure, nor defined area, but leaving course to be directed, distance tobe governed, and area to be expanded, or contracted, by force of the allusion to prior claims, or lands unfit for cultivation. It is the difference between limited space and unlimited, between precision and the want of precision, between certainty and uncertainty.
Turner, for appellants; Crittenden and Triplett, for appellees.
The former opinion and decree of this court must stand unaltered and affirmed.