Chief Justice Bibb
delivered the Opinion of the Court.
Clark’s heirs exhibited: their bill for relief against the elder grant. They claim under this location;
“No. 957. Logan county set. April county court, 1:604. Agreeable to an act of assembly, in that case ¿nade and provided, there is granted to Jonathan Clark 400 acres of land, agreeable to his following entry, to wit:
“Jonathan Clark enters 400 acres of land, in Logan county, on- the waters of Gasper river, beginning on two-white oaks, corner to his survey, running thence southwardly, thence westwardly, thence at angle, to the beginning.”
This certificate was entered with the surveyor and surveyed in March 1806, and- carried into grant on the first July, 1807.
The defendants below, by tbeir answer, insist on the invalidity of this location; and the superiority of tbeir claim.
The notoriety of Jpnathan Clark’s- survey in Logan, on the Black Lick Fork of Gasper, at and'before this location, is proved* He had hut that survey in Logan; it was a military survey; the great road from Russelville to Bowlinggreen passed through it, and not only the body of the survey,.but two marked corners, were well known and easily found, long before the date of this certificate.
Some objection was raised, because the entry calls for Clark’s corner, as two white-oaks; and in the language of the people of that part of the country, they are called post-oaks. Now post-oaks are a species of white oaks; there are but two marked corners to Clark’s military survey, and only the one called white oaks in the original survey, the other a black'oak.
Southwardly- and Westwardly, are flexible expressions, and not to be tq.ken due South and West, and so are not valid calls in an entry--
Except—
Where the base line is given, which gives to the flexible lines the right-angular direction.
Where the entry may be surveyed with equal propriety, ihdi/t ferent modes, and include no land common to both surveys, the-entry is invalid.
The notoriety of Clark’s military survey being proved, and the facility of ascertaining this corner, also made apparent by the proof; Clark’s location of his 400 acres has a certain beginning; but that is all. The expressions southwardly, and westwardly are flexible, according to the repeated decisions of this court, and are not taken to be due south,.due west &c. Clark in his 400 acres has not called to join or to bind on his military survey. It is true he will not be compelled to interfere with his military survey, but this does not help his entry. He has only a beginning, but no defined base, nor definite course.
Had he given a certain base, Or line, “thence southwardly,” would have been construed to be at right angles to it; as in Smith vs. Grimes, Hughes, 18; Bradford vs. M’ Clelland, Hughes 104; Craig vs. Hawkins, 1 Bibb, 53; Calk and Orear vs. Stribling, 1 Bibb, 122. But having no base, the expressions southwardly and westwardly being flexible, are satisfied, by any course, from south forty-five east, to south forty-five west. There is no call for improvement or settlement, or for any other object, which can control and make certain this undefined course of southwardly from the corner, two white oaks.
The survey of 400 acres, can then be surveyed east from this beginning, upon a base, south forty five, 153 poles, thence westwardly at right angles to that base, in a square, and will not interfere with Clark’s military survey: (if it be not so, the complainants have now to submit to this apparent truth on the face of the plot, because of their negligence in failing to cause the military survey to be represented, or filing a copy of it.) Having so constructed the survey of the 400 acres, it can again he constructed by running from the beginning, south forty-five, west so far, as by a line at right angles -westwardly, to give the quantity, and without interfering with the military survey; three lines of which appear at present to be the boundaries of the survey as made; this latter figure of the four hundred acres, will not be in a square, but the departure from the square area becomes necessary to avoid the military survey. These two-figures of the four hundred acres will not *368 have an acre of land in common, and thus the entry must be void for uncertainty, according to the case of Hendricks vs. Bell, 1 Bibb 138.
Mayes, for appellants; Crittenden, for appellees.
Therefore, it is decreed and ordered that the decree of the circuit court be reversed, and the cause remanded with directions to that court to dismiss the bill with costs.
Appellants to have their costs in this court.