OPINION of the Court, by
Ch. J. Bibb.
Botts was complainant in the circuit court, upon an entry, a correct statement of which is as follows :
“ February 8th, 1780, William Calk enters 400 acres by certificate, See. lying on Small Mountain creek, waters of Licking, to include his improvement.”
“ December 6th, 1782, William Calk enters 1000 acres by pre-emption warrant, No. 1020, joining his settlement on the lower side, beginning at his northeast corner and extending down the creek and angling to the west, including the creek with the quantity.”
“ December 6th, 1782, Joseph Botts, assignee, &c. enters 400 acres by treasury warrant, ike. beginning where William Calk’s east line of his pre-emption crosses the east prong of Small Mountain creek, and extending zvith the line, dozvn the creek, then eastward and southward for quantity.”
Black held under an elder grant by color of an entry, which he does not attempt to support.
The circuit court sustained the entry of Botts, and gave a construction and direction for the survey, which being surveyed and reported accordingly, a final decree was thereupon pronounced, from which Black appealed.
The notoriety of Small Mountain creek, and of Calk’s improvement, is so well established, that no question can arise upon the validity of Calk’s settlement, which the court below properly directed tobe surveyed in a square to the cardinal points, having the improvement at the intersection of the diagonals.
Rectangular departed01 from' without» ftrong indication of a 'cM^atid'orur vi. SmiUr.g, tafi Hard” *382— Moore •vs.. liar. ris, Pr. Dec. ^Brolun^&'ak. Pr. Dec. 61-63-
datcd°fainendayS the one calling for the other; /!*' 'presumed eldest unless the contrary is
beginning where W. C’s east line crosses the east Mountain meh, extending with the creek "then eastward and southward for quantity — how furveyed,— square*
East line here is explained to mean east boundary) not either of the east and west lines.
Same principle Smith vs Harrow, pofl and cases cited.
The pre-emption appendant, calls for the lower side^ which taken in conjunction with the calls for the northeast corner, and down the creek, angling to the west, leaves no doubt as to the side intended.
This entry should be surveyed in a square area, b}’adjoining the northern boundary of the settlement, extending from the northeast corner thereof, so far across d*e cree^ta due east course, as that a line due north, will just include but not cross the creek, then west, &c. The circuit court have directed the eastern margin of the creek> with the meanders, to be made the boundary on the east. We see nothing in the entry which requires a departure from the rectangular figure. Th® call for ** including the creek,” seems as well answered by such a figure, as by that directed by the circuit court ; the apparent intention of the locator is better consulted, for ^ *lc *la<^ intended “ to bind on the creek with its me» anders,” and including it, he ought, and probably would have said so. When he says beginning at the northeast cornelS and extending down the creek, as the corner is not on the creek, but at some considerable distance, the expressions “ extending down the creek,” can mean n0 more than a general designation of the course the body of his land was to take. By the rectangular figure a general principle is preserved, which in the construc-tj 0f entr¡es OUght not to be departed from without strong indication 01 a contrary intention 01 the locator, and jt js evident that the manner of getting from the northeast corner across the creek to include it, is a matter of construction, to which the general principle, that all surveys shall be rectangular, unless otherwise required by the entry, is very applicable.
Having thus ascertained the eastern boundary of the pre-emption, the beginning of Botts’s entry is next to be sought. Here it is convenient to answer an objection, taken by the assignment of errors, that it does not appear that the pre-emption of Calk was located before the location of Botts, both appearing dated on the same day. If the entry of the pre-emption was not in truth the first and elder of record, it was easy for the appellant to have proved it by the record. The absence of such proof, with the call for the pre-emption in Botts’s entry, raises that violent presumption of seniority, vvhich shall stand until the contrary is proved.
*97 Calk's east line intended, is his eastern boundary, not either of the lines from east to west or from west to east; this appears manifest, from the call, “ extending with the line down the creek.” This eastern boundary will cross one, and but one “ east prong’’’ of Small Mountain creek, as represented on the plat. The intersection of this prong by the eastern boundary of the pre-emption, should be assumed as the beginning called for, and the survey of Botts made a square area of 400 acres* running from the beginning the course of, and with the line of the pre-emption, for the base, then to the cardinal points.
The decree of the circuit court, so far as it varies from this, is erroneous.
It is therefore decreed and ordered* that the said decree of the circuit court be reversed, annulled, and set aside ; the cause remanded to the said court, who are hereby directed to decree, according to the foregoing opinion, and cause the said defendant below, to release his elder title at law to all the land which shall be found (upon a survey to be made) common to Botts’s entry, surveyed according to the foregoing opinion, and to his survey as actually made ; and to cause a deed of release as aforesaid to be executed for the interference thus ascertained: and to do such other or farther matters and things, as equity may require.