LINDELL et al., Respondents, *vs.* BRANT, Appellant.

1. Where several persons agree, in writing, to contribute towards the defence of a suit, and the proportion of one, who fails to comply with his agreement, is paid by the others, *pro rata,* they cannot maintain a joint action against him to recover it back.

*Appeal from St. Louis Court of Common Pleas.*

Lindell, Walker, Robbins and others agreed with Brant, in writing, not under seal, to unite in the defence of suits brought to recover a tract of land known as the Clamorgan arpent, and to contribute towards the defence, in proportion to the value of their several interests in the land. The parties to this agreement appointed a committee to employ counsel and conduct the defence. An assessment was made against each of the parties interested. Brant refused to pay his assessment on account of alleged errors, whereupon, the committee (who were the plaintiffs) severally, at different times, and in equal proportions, paid it, and then joined in this suit to recover the money back. The suit was commenced before the introduction of the new system of practice, and the form of action adopted was *assumpsit* for money paid by plaintiffs to defendant's use. The court below refused to instruct the jury that a joint action could not be maintained.

*T. T. Gantt,* for appellant, in support of the position that a joint action could not be maintained, cited, 2 T. R. 282. 3 B. & P. 235. *Doremus* v. *Selden,* 19 J. R. 213. *Gould* v. *Gould,* 8 Cow. 168. *Graham* v. *Green,* 4 Haywood's Rep. 188. *Hatch & Clapp* v. *Brooks,* 2 Mass. Rep. 293. 1 Chitty on Pl. 11.

*Edward Bates*, for respondent, cited, 1 Ch. Pl. 3–5. 4 Pick. 283. 2 Hall's Rep. 211. 1 Bibb's Rep. 97. *Wright* v. *Post*, 3 Conn. Rep. 142.

RYLAND, Judge, delivered the opinion of the court.

1. From the statement herein, the only question is, the right of these plaintiffs to maintain this joint action against the defendant. In the opinion of this court, these plaintiffs cannot join to maintain an action upon the above facts against the defendant. Each one must sue in his own name for the amount paid by him for Brant, and which Brant should repay to him. We are not to judge for the defendant, whether it will be more to his benefit and advantage to pay what he owes to these plaintiffs with the costs of one judgment only against him for the entire sum, which he owes in various distinct sums to each one of them separately. We must look to the law for our guide, and we are not permitted to use our own notions of what would be right and proper in such a case, but respond as the the law only.

In the case of *Brand & Herbert* v. *Boulcott*, 3 Bos. & Pull. 235, it was held, that where A. B. and C. being appointed assignees under a commission of bankruptcy, and having acted as such, A. and B. paid each half his bill to the solicitor, they could not maintain a joint action against C. for his proportion of the money, but must each bring a separate action. In the case of *Graham* v. *Robertson*, 2 T. R. 283, the plaintiffs, together with A. and B., being owners of one ship, and the defendant owner of another, a prize was taken, condemned and shared by agreement between them; afterwards the sentence of condemnation was reversed, and restitution awarded with costs, which was paid solely by the plaintiffs, A. and B. having, in the mean time, become bankrupts; it was held, that an action could not be brought by the plaintiffs alone for the moiety of the restitution money and of the costs, because it was either a partnership transaction, where A. and B. ought to

be joined, or not, where separate actions should be brought by each of the persons paying. See also, 5 East. 227.

The case of *Gould* v. *Gould*, in 8 Cowen, 168, was an action of assumpsit for money paid. It was held, that joint sureties, paying money for their principal, should yet sue him severally for the money paid. B. and G. were sureties. B. died and his executor was a partner of G. in business, and the two partners paid the debt of the principal out of their joint funds as partners ; it was yet held that they should sever in their action against the principal. It was said by Savage, C. J., " the payment of the joint funds, in a matter without the partnership, operates as a severance of those funds, *pro tanto*, according to the interest of the parties who pay. It is so far an appropriation of the joint funds to an individual purpose. It is nothing to the defendant whether the funds, out of which his debt is paid, be joint between his sureties or several with each. That is the concern only of those who own the fund. True, where a duty arises to two persons, as partners, the law will imply a promise to both jointly ; but the mistake in this case is, in supposing that, because the plaintiff and D. Banks, the younger, were partners as book-sellers, they were, therefore, so in the business of being sureties. So far from this, they were not even joint sureties ; but one was the executor of a joint surety. It is doubtful whether even two joint sureties can so shape a payment as to give themselves a joint claim. This was reluctantly allowed upon the peculiar circumstances, in *Osborne* v. *Harper*, 5 East. 225, but it was denied in *Kelby* v. *Steel*, 5 Esp. Rep. 194, although the payment and receipt given for payment were joint and in form as from two partners." The case at bar differs from the case cited from 3 Conn. Rep. 142. That case was founded, not alone on the *joint consideration* but on *a joint promise*. It was admitted in that case, that the defendant promised the plaintiffs, if they would defend the suit which Job and Benj. Wright might bring against them, he would pay his proportionable share of the expense attending the defence. The court said that the plaintiff

Labeaume v. Sweeney.

in that case proved both a joint consideration and a joint promise.

In the case of *Smith* v. *Harrow*, 1 Bibb, 97, the objections taken to the improper joinder of parties were not made in time by the proper person. The court remarked, "that it is not called to decide what effect the objections now under consideration ought to have if they had been made by Hays. The bill as to him has been taken as confessed, and as to Smith, who is the only appellant, it has not been suggested, nor can it be conceived that he can be injured by the complainants having united in the suit, so far as they claim under Hays."

The authorities cited by the plaintiffs' counsel do not overrule those cited and remarked upon above.

In this case, there is no express promise to pay these plaintiffs what they have paid for Brant. Nor was there any joint fund out of which the money was paid by them for Brant. Each one paid what the proportionable share of the liability on him amounted to, in consequence of Brant's refusing to pay his portion. There is no joint consideration—no joint promise. Then each one must sue separately to recover the amount paid by him for Brant. There was error, therefore, in the court below, in refusing to declare the law as prayed for in the instructions asked by defendant.

The judgment must be reversed and the cause remanded, Judge Scott concurring ; Judge Gamble not sitting.